<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCREZIA CABEZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION, etc., *et al.*, <br><br> Defendants. | Civil Action No. 15-1589  (JLL) (JAD) <br><br><br> **OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 6].  The Court has considered the parties' submissions and decides the motion on the papers pursuant to Fed. R. Civ. P. 78.  For the reasons stated herein, Defendants' motion to dismiss Plaintiffs' Complaint is granted.

**I.     BACKGROUND**

Plaintiffs are the owner of a property located at 809 Edgewater Avenue, Ridgefield, New Jersey.  Complaint ¶ 1.  On July 10, 2007, Plaintiffs executed a fixed rate note in the amount of $370,000.00 in favor of Bank of America, N.A. ("BANA"), and a purchase money mortgage to BANA.  Def. Br. at 1.  "Plaintiffs allege that after the loan was originated and funded it was sold on or about July 30, 2007, bundled into a group of Notes and subsequently sold to investors as a derivative "Mortgage Backed Security", issued by FREDDIEMAC, entitled Freddie Mac Multiclass Certificates, Series 3345 ("TRUST"), and that therefore none of the Defendants own this loan, or NOTE, and cannot be and are not the Beneficiary under the MORTGAGE, or

lawfully appointed Trustee under the MORTGAGE and have no right to declare a default, to cause notices of foreclosure sale to issue or to be recorded, or to foreclose on PLAINTIFFS interest in the Subject property." Complaint ¶ 28.  BANA assigned the Mortgage to Green Tree Servicing on January 4, 2013.  *Id.* at ¶ 98.

On March 3, 2015, Plaintiff filed a Complaint against Defendants Federal Home Loan Mortgage Corporation, as Trustee for Securitized Trust Freddie Mac Multiclass Certificates, Series 3345 ("FHLMC"), and BANA, essentially alleging that Defendant have no right or interest in the Note or Mortgage because the securitization of Plaintiff's Mortgage and alleged defects in the chain of title to his Note.  Plaintiffs bring the following causes of action against Defendants:  (1) Declaratory Relief; (2) Injunctive Relief; (3) Quiet Title; (4) Negligence Per Se; (5) Accounting; (6) Good Faith and Fair Dealing; (7) Breach of Fiduciary Duty; (8) Wrongful Foreclosure; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (10) Violation of the Home Ownership Equity Protection Act ("HOEPA"); (11) Fraud in the Concealment; (12) Intentional Infliction of Emotional Distress; and (13) Slander of Title.

**II.      LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

A court may dismiss a claim with prejudice if amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

### III. DISCUSSION

A. Counts One and Two (Declaratory and Injunctive Relief)

Plaintiffs seek declaratory relief and an injunction preventing a foreclosure action against them on the grounds that: (1) Defendants failed to abide by the terms of a Pooling and Servicing Agreement (PSA) under which Plaintiffs' loan was securitized, and (2) the transfers and/or assignments of the Note and Mortgage were improper. Complaint ¶¶ 60-137. Because these allegations fail to state a cause of action against Defendants for declaratory and injunctive relief, the Court will dismiss these claims with prejudice.

Plaintiffs have failed to plead any facts sufficient to support a reasonable inference that they have standing to assert a violation of the PSA. *Glenn v. Hayman*, No. 07-cv-112, 2007 WL 894213, at *10 (D.N.J. Mar. 21, 2007); *Eun Ju Song v. Bank of America, N.A.*, No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); *HSBC Bank USA v. Gomez*, No. 30625-08, 2013 WL 105303, at *5 (N.J. App. Div. Jan. 10, 2013). In addition, both the Note and the Mortgage

expressly state that they may be transferred. See Lipkin Decl., Exs. A and B. Moreover, the fact that the Note and the Mortgage were "split" does not preclude a foreclosure under New Jersey law. *PHH Mortgage Corp. v. Garner*, No. 22974-08, 2013 WL 2459868, at *6 (N.J. Super. Ct. App. Div. June 10, 2013).

Plaintiffs are also not entitled to declaratory relief under the Declaratory Judgment Act. The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, there must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987) (emphasis added). The relevant inquiry is whether Plaintiffs seek merely advice or whether a real question of conflicting legal interests is before the Court. *Id.*

In the instant case, there is no immediate controversy warranting declaratory judgment as there is no active foreclosure action. Therefore, the Court finds that it is premature for Plaintiffs to seek a judicial determination regarding Defendants' standing to ultimately foreclose on the subject property. The Court also finds that a request for declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests, but instead is an attempt by *pro se* Plaintiffs to seek legal advice from the Court. See Compl. ¶¶ 142-148.

Plaintiffs are also not entitled to injunctive relief. Federal Rule of Civil Procedure 65 permits district courts to grant injunctive relief in the form of temporary restraining orders. Fed.

R. Civ. P. 65(b).  The grant of injunctive relief is "an extraordinary remedy ... which should be granted only in limited circumstances." *Empire United Lines v. Baltic Auto Shipping, Inc.*, No. 15-cv-355, 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting *AT & T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)).  For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  The party seeking injunctive relief bears the burden of demonstrating that all four factors weigh in favor of preliminary relief.  *AT & T v. Winback and Conserve Program, Inc.*, 42 F.3d at 1427.

Plaintiffs' Complaint falls short of demonstrating a likelihood of success on the merits.  Specifically, the relief sought by Plaintiffs is not supported by the underlying indisputable facts.  Plaintiffs do not dispute that they executed the Note and Mortgage to BANA and its successors and assigns.  Compl. ¶¶ 25-27; Lipkin Decl. Exs. A and B.  Therefore, Plaintiffs acknowledge that a debt was created.  Plaintiffs also does not allege any facts to support their conclusory allegations that the Note has been paid in full or satisfied and that they are not in default on the Loan.  There is no active foreclosure action or a pending sheriff's sale of the Property.

Accordingly, Plaintiffs fail to set forth the necessary elements for injunctive and declaratory relief and the Court dismisses Counts One and Two with prejudice.

 B.  Count Three (Quiet Title)

Pursuant to New Jersey's quiet title statute, a plaintiff may maintain an action to "clear up all doubts and disputes concerning" competing claims to land.  N.J. Stat. Ann. 2A:62-1.  In accordance with the statute, a plaintiff should spell out the nature of the competing claims in his

complaint. *Espinoza v. HSBC Bank, USA, Nat. Ass'n*, No. 12-cv-4878, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013). In addition, a plaintiff must allege facts showing that a defendant's competing interest is wrongful. *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Plaintiffs' claim to quiet title is based on nothing more than conclusory allegations and Plaintiffs' questioning of the validity of the assignment of the Mortgage, which is insufficient to establish a claim for quiet title. *See Schiano v. MBNA*, No. 05-1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing complaint and holding that plaintiffs' allegations that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action); *English v. Federal Nat. Mortg. Ass'n*, No. 13-2028, 2013 WL 6188572, *2-4 (D.N.J. Nov. 26, 2013); *Song*, 2015 WL 248436 at __. Because Plaintiffs fail to set forth any specific facts supporting the invalidity of the Note, the Mortgage, and the Assignment, or that Plaintiffs have fully satisfied repayment of the Loan, Plaintiffs' quiet title action fails as a matter of law, and the Court will dismiss this claim with prejudice.

  C. Counts Four[1], Six, Seven, Twelve and Thirteen (Negligence Per Se, Breach of Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Intentional Infliction of Emotional Distress and Slander of Title)

Plaintiffs' claims for negligence per se (Fourth Cause of Action), breach of covenant of good faith and fair dealing (Sixth Cause of Action), breach of fiduciary duty (Seventh Cause of Action), intentional infliction of emotional distress (Twelfth Cause of Action), and slander of

---

[1] Plaintiffs' claim for negligence relates to the origination of the Mortgage and Note and subsequent securitization in 2007. Claims for fraud under New Jersey law are governed by a six-year statute of limitations. N.J. Stat. Ann. 2A:14-2. However, Plaintiffs did not file his Complaint until March 2015, approximately 2 years after the statute of limitations expired.

title (Thirteenth Cause of Action) are tort-based claims barred by the economic loss doctrine. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995); *Perkins v. Washington Mutual, FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (negligence claim barred); *American Fin. Resources, Inc. v. Countrywide Home Loans Servicing, L.P.*, No. 12-7141, 2013 WL 6816394, *6 (D.N.J. Dec. 23, 2013) (claims for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing barred); *Bracco Diagnostics, Inc. v Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (fraud claim barred).

Plaintiffs' claims as asserted against Defendants are based on a contractual relationship, *i.e.*, the Note and Mortgage. Therefore, Plaintiffs' tort claims against Defendants are barred as a matter of law by the economic loss doctrine. Accordingly, the Court will dismiss the Fourth, Sixth, Seventh, Twelfth and Thirteenth Causes of Action in their entirety, with prejudice, for failure to state a cognizable claim for relief.[2]

D.  Count Five (Accounting)

Plaintiffs' Fifth Cause of Action for an accounting will also be dismissed. Plaintiffs conclusorily allege that "[s]ince [BANA] sold the PLAINTIFFS [sic] NOTE without endorsing the NOTE and without making and recording an assignment of the MORTGAGE, Plaintiffs has

---

[2] Counts Four and Seven, Plaintiffs' claims of negligence per se and breach of fiduciary duty, may also be dismissed for an additional reason. Pursuant to New Jersey law, "it is well established that a bank does not owe a legal duty to a borrower." *Galayda v. Wachovia Mortg., FSB*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010); *Margulies v. Chase Manhattan Mortg. Corp.*, 2005 WL 2923580, at *2 (N.J. App. Div. Nov. 7, 2005) ("[A]s a general rule there is no fiduciary relationship between a debtor and a creditor, i.e., also a mortgagee and a mortgagor and, therefore, there can be no breach of fiduciary duty claim."). Accordingly, Plaintiffs lack a cognizable claim for a breach of a fiduciary duty or negligence per se.

[sic] been making improper mortgage payments to Defendants." Compl. ¶ 168. Plaintiffs also allege that "Defendants collected monthly mortgage payments from Plaintiffs without providing any consideration." *Id.* at ¶ 175.

Plaintiffs' accounting claim fails to set forth a cognizable cause of action. They do not dispute that they executed the Note and Mortgage and accepted a loan. Therefore, Plaintiffs have an obligation to repay the money they borrowed. Additionally, Plaintiffs have identified no contract or statutory provision that entitles them to relief from Defendants or provides Plaintiffs a remedy of an accounting. Accordingly, Count Five of the Complaint is dismissed with prejudice for failure to state a cognizable claim for relief.

   E.  Count Six (Good Faith and Fair Dealing)

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiffs do not allege facts to support the necessary elements for such a claim. In New Jersey, every contract contains an implied covenant of good faith and fair dealing. *Graddy v. Deutsche Bank*, No. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013). "[T]he implied covenant of good faith and fair dealing does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 271 (3d Cir. 2004). To succeed on such a claim, Plaintiffs must prove: (1) a contract exists between Plaintiffs and Defendants; (2) Plaintiffs performed under the terms of the contract [unless excused]; (3) Defendants engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving Plaintiffs of the rights and benefits under the contract; and (4) Defendants' conduct caused Plaintiffs to suffer injury, damage, loss or harm. *Graddy*, 2013 WL 1222655, at *4.

Plaintiffs acknowledge that a debt is owed under the Note, but does not allege that they fully performed under the Note and the Mortgage by fully repaying the debt owed. Thus, Plaintiffs do not and cannot state a cognizable claim for relief against Defendants. Further, Plaintiffs point to no bad faith or conduct by Defendants depriving them of his rights and benefits under the Note and the Mortgage. *Graddy,* 2013 WL 1222655, at *4 ("Plaintiff has not alleged that Wachovia engaged in any conduct, apart from that which the contract expressly permitted, in bad faith or for the purposes of depriving the plaintiff of their rights under the contract. Therefore, this claim will also be dismissed."). Therefore, the Court dismisses Count Six of the Complaint with prejudice for failure to state a cognizable claim for relief.

F.  Count Eight (Wrongful Foreclosure) and Count Thirteen (Slander of Title)

Plaintiffs do not allege any facts regarding where, when, or how the alleged foreclosure proceedings occurred or by whom they were commenced, thus there is no basis for Plaintiffs to claim that "defendants have engaged in an unlawful foreclosure of the Subject Property" (Compl. ¶ 188 or that "the foreclosure is void" (*id.* ¶ 193). Additionally, Plaintiffs' claim for wrongful foreclosure fails to state a cognizable claim for relief because Plaintiffs do not cite to any statute or case law that supports a cause of action for "wrongful foreclosure" under New Jersey law.

Plaintiffs also fail to allege the necessary elements of slander of title. To establish a cause of action for slander of title, a plaintiff must show: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damage, i.e., pecuniary harm." *Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1140 (3d Cir. 1977); *see also Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999). Malice is defined as the "intentional commission of a wrongful act without just cause or excuse." *Stewart Title*, 58 F. Supp. 2d at 388. An allegation of malice requires a

9

plaintiff to demonstrate that defendant "knew the statement to be false or acted in reckless disregard of its truth or falsity." *Morin v. 20/20 Cos.*, No. 10-06476, 2012 WL 3880205, at *7 (D.N.J. Sept. 5, 2012). Plaintiff fails to meet this standard.

Plaintiffs' slander of title claim is based on the conclusory allegation that "Defendants, each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." Compl. ¶ 248. Plaintiffs' conclusory allegations are wholly unsupported by facts and cannot withstand scrutiny under 12(b)(6) because no judicial foreclosure proceedings have commenced.

The Court, therefore, dismisses Counts Eight and Thirteen with prejudice for failure to state a cognizable claim for relief.

G. Counts Nine, Ten and Eleven (RESPA, HOEPA and Fraud in the Concealment)

Plaintiffs bring causes of action alleging violations of RESPA, HOEPA and fraud in the concealment, each based on allegations relating to the origination of Plaintiffs' loan. Claims for fraud are governed by six-year statutes of limitations in New Jersey. N.J. Stat. Ann. 2A:14-1. Claims for violation of Section 2607 of RESPA are governed by a one-year statute of limitations. 12 U.S.C. § 2614. Claims for rescission under HOEPA are governed by a three-year statute of limitations. 15 U.S.C. § 1635(f).

All of these claims are time-barred because Plaintiffs filed their Complaint in March 2015 and the Loan originated in July 2007, and Plaintiffs have not plead the application of the discovery rule. These claims stemmed from the terms and execution of the mortgage loan, and

as such, the mortgagors could have easily discovered the allegedly improper conduct of the mortgagee simply by reviewing the documents relating to the mortgage. *See*, *Lutzky v. Deutsche Bank National Trust Co.*, No. 09-cv-3886, 2009 WL 3584330, at *2 (D.N.J. January 27, 2009). Thus, the Court dismisses Counts Nine, Ten and Eleven with prejudice for failure to state a cognizable claim for relief.

    H. Count Eleven (Fraud in the Concealment)

There is an additional reason Count Eleven will be dismissed. To establish a common-law fraud claim, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 174 (2005).

In addition to setting forth the necessary elements, the stringent pleading requirements of F.R.C.P. 9(b) apply to a claim of common law fraud:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." … To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation….

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citations omitted). Thus, basic tenets of pleading fraud in New Jersey requires a plaintiff to state the "who, what, when, and where" details of the alleged fraud. *Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675

(3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989) (complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were ... or who received the information"). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Galayda v. Wachovia Mortg., FSB*, No. 10-cv-1065, 2010 WL 5392743, at *8 (D.N.J. Dec. 22, 2010). Indeed, the United States Court of Appeals for the Third Circuit has advised that on a fraud claim, at a minimum, a plaintiff must support his/her allegations of fraud with all the essential factual background that would accompany "'the first paragraph of any newspaper story'-that is, the 'who what, when, where and how' of the events at issue." *In re Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citations omitted).

To establish a claim of fraud in the concealment requires the existence of a duty to disclose as well. *Berman v. Gurwicz*, 189 N.J. Super. 89, 93 (App. Div. 1981). The court in *Berman* described the three classes of transactions for which a duty to disclose might arise: (1) definite fiduciary relationships such as principal-agent or attorney-client; (2) those without a special fiduciary relationship but where it appears that one of the parties expressly reposes a trust and confidence in the other; and (3) those without a special relationship, but in which the very nature of the transaction or contract itself is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure, such as a contract for insurance. *Id.* at 93-94.

Plaintiffs' fraud claim fails as a matter of law for numerous reasons: (1) The Note and the Mortgage specifically contemplate the transfer of the Note; (2) Plaintiffs have failed to plead or identify a duty that requires Defendants to disclose anything regarding the securitization of the Loan; (3) the allegedly concealed fact is not material as it did not alter the bargained-for terms of

the Note or the Mortgage; and (4) Plaintiffs do not and cannot establish that they were damaged as a result of any alleged securitization.

The Note and the Mortgage both specifically contemplate a transfer of possession (such as a transfer to a trust for securitization). The Mortgage states that the "Note or a partial interest in the Note can be sold one or more times without prior notice to Borrower." (Lipkin Decl., Ex. B.). The first line of the Note similarly states that the borrower "understand[s] that the Lender may transfer this Note." (*Id.*, Ex. A). Even if the Note and the Mortgage did not explicitly allow the transfer of the Note, Plaintiffs do not and cannot identify a duty that would require Defendants to disclose the alleged post-closing securitization of the loan. As noted above, lender-creditor relationships in New Jersey is not a fiduciary relationship and is considered in essence adversarial. *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997).

Therefore, Plaintiffs' fraud in the concealment claim is dismissed with prejudice.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. As amendment would be futile, Plaintiffs' Complaint is hereby dismissed with prejudice. An appropriate Opinion accompanies this Order.

DATED:    May 11, 2015

                                                  s/ Jose L. Linares
                                                  JOSE L. LINARES
                                                  U.S. DISTRICT JUDGE