<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCREZIA CABEZA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION, etc., *et al.*, <br><br> Defendants. | Civil Action No. 15-1589 (JAD) <br><br><br> **OPINION** |

**LINARES,** District Judge**.**

This matter comes before the Court by way of Plaintiffs' Motion for Reconsideration of the Court's May 12, 2015 Opinion and Order ("Motion for Reconsideration"). The Court has considered the submissions of both parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiffs' Motion for Reconsideration is denied.

**I. BACKGROUND**

In 2007, Plaintiffs executed a note and purchase money mortgage with Bank of America, N.A. ("BANA") for a property in New Jersey. In their Complaint, Plaintiffs alleged that the loan was bundled and sold as a "Mortgage Backed Security" to investors. Thus, Plaintiffs alleged that none of the Defendants owned the note because of improper recording and cannot be the beneficiary of the mortgage. As a result, Plaintiffs argued that they should not have to repay the mortgage and brought thirteen causes of action seeking declaratory relief and damages. This Court dismissed all counts of Plaintiffs' Complaint, *inter alia*, for lack of cognizability. For a full recitation of the background of this action see the Court's Opinion dated May 12, 2015.

## II. LEGAL STANDARD

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Dunn v. Reed Group*, No. 08–1632, 2010 U.S. Dist. Lexis 2438, at *3–4, 2010 WL 174861 (D.N.J. Jan 13, 2010).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Ins.*, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard of review involved in a motion for reargument is quite high, and therefore relief under this rule is to be granted very sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994). A judgment may be altered or amended if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.*, 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted); *see also Compaction Sys. Corp.*, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *See SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J. 1989), *aff'd*, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. *Bowers*, 130 F. Supp.2d. at 613. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.*, No. 89–1298, 1989 WL 205724 at *3 (D.N.J. Dec.1, 1989). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Resorts Int'l. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992).

Moreover, L. Civ. R. 7.1(i) does not allow parties to recapitulate cases and arguments which the court has already considered before rendering its original decision. *See G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted); *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. at 516 ("Reconsideration motions ... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

### III. DISCUSSION

In Plaintiffs' Motion for Reconsideration, Plaintiffs allege that the Court

> made a ruling to dismiss Plaintiff's complaint based on "there is no immediate controversy warranting declaratory judgment as there is no active foreclosure action," *Quoting from Opinion* which is erroneous due to the Defendants' stated intention to Foreclose. Just because the Defendants have failed to timely file for foreclosure does not indicate that they will not in the future. The

3

> Declaratory Judgment is crucial, and paramount amongst all filed claims to survive the 12(b) (6).

This is Plaintiffs' sole ground for reconsideration and seeking to amend their Complaint. However, this is a mere difference of opinion with the Court's decision which should be handled through the normal appellate process.  As stated in the Court's prior Opinion, permitting amendment of Plaintiffs' Complaint would be futile.  It was not a clear error of law for the Court to have determined such.  Accordingly, Plaintiffs' Motion for Reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied. An appropriate Order accompanies this Opinion.

DATED:  July 14, 2015

s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE
